[No. 10,115.]

## THE PEOPLE *v.* JOHN IVEY.

JURY CANNOT DECIDE ON THE LAW.—The Court cannot submit to the determination of the jury a question of mere law.

PERTINENCY OF EVIDENCE NOT TO BE SUBMITTED TO JURY.—The Court must not submit evidence to the jury hypothetically, that is to say, to be considered by them if they are of the opinion that it is applicable to the issue, but to be disregarded by them if they are of a contrary opinion.

JURY CANNOT DECIDE ON PERTINENCY OF EVIDENCE.—It will not do to admit improper evidence, and then leave the question of its pertinency to the jury.

APPEAL from the County Court of Yolo County.

The defendant was indicted for the crime of arson in the
second degree, and was convicted, and appealed.

The other facts are stated in the opinion.

*John W. Armstrong, S. G. Harper* and *John Lambert,* for
the Appellant.

*Attorney-General Love,* for the People.

By the COURT:

The evidence offered by the prisoner as to his good char-
acter having been permitted to go to the jury without ob-
jection, the Court, at the conclusion of the argument, gave
the following instruction: "The jury can consider evidence
of the character of the accused only in relation to the par-
ticular crime charged in the indictment, and if none has
been given upon this particular trait the jury are not at
liberty to consider evidence in respect to other traits of

character." And to the instruction as thus given an exception was reserved. The instruction was erroneous, because it submitted to the determination of the jury a question of mere law. If any portion of the evidence offered by the prisoner tending to show his good character concerned a trait not involved in the charge against him, objection should have been made by the prosecution to its introduction, for the pertinency of the evidence in such a case is a question of law. It will not do to submit the evidence to the jury hypothetically, that is, to be considered by them, if they are of opinion that it is applicable to the issue, and to be disregarded if they are of a contrary opinion.

Judgment and order reversed, and cause remanded for a new trial.